Hon. Lawrence T. Kurlander District Attorney, Monroe County
You have requested an opinion concerning the proper disposition of fees received by your office when subpoenas are served upon you for the production of files in court in actions to which you are not a party. You ask if a district attorney is entitled to retain control over such funds for the use of his office, or must such funds be turned over to the county.
You state that there seems to be no specific authority on the question, although you point out that section 201 of the County Law may be read to provide that the fees belong to the county.
A fair reading of the following portions of section 201 of the County Law would seem to be dispositive of your question.
 "Notwithstanding the provisions of any general law other than this chapter or of any special law to the contrary, each board of supervisors shall fix the salary of all officers paid from county funds, except the members of the judiciary."
 "All fees, percentages, emoluments or other. compensation received by any such officer by virtue of his office from whatever source shall belong to the county and be paid into the county treasury monthly on or before the tenth day of the month."
Such section is applicable to a district attorney as an officer whose salary is paid from county funds, notwithstanding the provisions of subdivision 10 of section 700 of the County Law providing state aid to certain counties whose governing bodies have designated the office of District Attorney as a fulltime position.
Such fees are received by you "by virtue of [your] office" since section2307 of the CPLR provides for the production of records of any department or bureau of municipal government for use as evidence in civil proceedings. A district attorney's office is a "department or bureau of municipal government" and records in your custody are included in those specified in said section 2307. Questions of privilege and exemption with respect to certain records in your possession may justify their non-disclosure, but such questions are no part of your inquiry.
In response to your request, it is our opinion that such fees are received by you by virtue of your office and must be turned over to the county treasurer as specified in section 201 of the County Law.
A town justice in a town of the first class may be appointed by the town board as attorney for an improvement district to be formed in the town.
Dated: April 24, 1979
Hon. Raymond J. Elliott III Town Attorney, North Greenbush
We acknowledge receipt of your letter inquiring whether one of the town justices of your town, which is a town of the first class, may be appointed to the position of attorney for an improvement district to be formed in the town.
There is no bar to an elected town officer holding, at the same time, an appointive office or a position of employment in the town unless there is a constitutional or statutory prohibition against holding the second position or unless there is an incompatibility in the function of the two such that the performance of the duties of the one position subordinates it to the other or unless the holding of the second position is attained through self-appointment, such self-appointment being accomplished by the individual concerned either alone or in concert with others.
We are not aware of any constitutional or statutory prohibition against a town justice being, at the same time, an attorney for an improvement district within the town. We can not see any conflict of interest in the same person's exercising the functions of both of those positions as the duties are so disparate that one does not subordinate to the other. There is not any question of self-appointment because the town justice in a town of the first class does not sit on the town board, that being the appointing and employing authority of a town.
Previous opinions of this office which might indicate a contrary conclusion dealt with situations such as where the second position was that of a peace officer, which is obviously a position which would subordinate to the judicial position or they were prepared for towns of the second class in which the town justice sat on the town board and for that reason involved self-appointment. Commencing on January 1, 1980, all town justices will have judicial functions only and no town justice will sit on a town board, after which time the same reasoning would apply to towns of the second class as now applies to towns of the first class in relation to dual position holding of a town justice.
In our opinion, in a town of the first class a town justice may be appointed by the town board to be attorney for an improvement district about to be formed in the town.